37 F.3d 1495
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 PRISM CONSTRUCTION COMPANY, Plaintiff-Appellant,
v.
MONTGOMERY COUNTY, MARYLAND; John A. Battan; Virginia A.
Baxter; David Frankel, Defendants-Appellees.
 No. 93-1578.
 United States Court of Appeals, Fourth Circuit.
 Argued May 9, 1994.
Decided October 7, 1994.
 
 1
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Benson E. Legg, District Judge. (CA-91-390)
 
 
 2
 Argued: Benjamin A. Klopman, Cramer & Klopman, Chartered, Rockville, MD. On brief: M. Michael Cramer, Cramer & Klopman, Chartered, Rockville, MD, for appellant.
 
 
 3
 Argued: David Eugene Stevenson, Asst. County Atty., Rockville, MD. On brief: Joyce R. Stern, County Atty., Rockville, MD, for appellees.
 
 
 4
 D.Md.
 
 
 5
 AFFIRMED.
 
 
 6
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and HILTON, United States District Judge for the Eastern District of Virginia, sitting by designation.
 
 OPINION
 HILTON
 
 7
 Appellant Prism Construction Company ("Prism") brings this appeal from Orders of the District Court granting motions to dismiss all counts of Prism's Complaint and Amended Complaint. We affirm.
 
 
 8
 Prism was an unsuccessful bidder for a contract with defendant Montgomery County, Maryland ("the County" or "the municipality") to build a parking garage in Bethesda, Maryland. At the time of the events giving rise to this dispute, appellee John Battan ("Battan") was Chief of the County's Purchasing and Material Management Division, appellee Virginia Baxter ("Baxter") was the Purchasing and Material Management Division's Contracts Coordinator, and appellee David Frankel ("Frankel") was the Assistant County Attorney.
 
 
 9
 Under the terms of the request for bids, and one subsequent extension, all bids remained open through September 28, 1988. Donohoe Construction Company ("Donohoe") was the lowest bidder for the parking garage project. Prism's bid was for the third lowest price.[1] In early September, 1988, the County asked Prism to extend its bid for an additional thirty days beyond the September 28 deadline. Prism agreed to do so, but when presented with the same request, both Donohoe and McGaughan declined. The contract was awarded to Donohoe on September 29, 1988.
 
 
 10
 Believing that the County had awarded the contract to Donohoe out of time, Prism filed a bid protest on September 29, 1988. This protest was subsequently withdrawn after Prism's counsel received a copy of the Donohoe contract, dated September 28, 1988, from defendants Baxter and Frankel.
 
 
 11
 Prism, after receiving additional information, filed a Maryland state court action. That action alleged that the contract had been executed by Battan and others on September 29, 1988, but that it had been dated September 28, 1988. The Maryland action is now stayed.
 
 
 12
 The instant action was filed in the United States District Court for the District of Maryland on February 12, 1991, claiming a due process violation under 42 U.S.C. Sec. 1983 (Count I) and a state claim for breach of duty and interference with business relations (Count II). Both counts of the original Complaint were dismissed, and plaintiffs were given leave to file an amended complaint. Plaintiffs did so, adding counts for wrongful interference with access to administrative and judicial process, substantive due process, procedural due process, unconstitutional taking without just compensation, breach of duty and interference with business relations, and denial of rights to counsel, freedom of speech, freedom of association, and equal protection. The District Court dismissed all counts as to all defendants in a Memorandum Opinion and accompanying Order issued on April 14, 1993.
 
 
 13
 Motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure are properly granted when the complaint, accepting the allegations as true, does not allow recovery. Fed.R.Civ.P. 12(b)(6); Waterford Citizens' Ass'n v. Reilly, 970 F.2d 1287, 1290 (4th Cir.1992). In order to prevail on a 12(b)(6) motion in a case under 42 U.S.C. Sec. 1983, "a defendant must satisfy the trial court that there is no set of facts which will support an allegation that he or it (1) acted under color of state law, and (2) deprived plaintiff of a right 'secured by the Constitution and laws.' " District 28, United Mine Workers of America, Inc. v. Wellmore Coal Corp., 609 F.2d 1083, 1085 (4th Cir.1979).
 
 
 14
 Montgomery County may be held liable under 42 U.S.C.Sec. 1983 if Prism can show that "execution of the government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury". Monnell v. Dep't. of Social Services, 436 U.S. 658, 694 (1978); City of Canton v. Harris, 489 U.S. 378, 385 (1989). The municipality may also be liable for acts done by those with final policymaking authority. Pembaur v. Cincinatti, 475 U.S. 469, 481 (1986). To determine who has final policymaking authority, a federal court should first look to state law grants of authority to make law, or set policy, in a given area of a local government's business. St. Louis v. Praprotnick, 485 U.S. 112, 124-25 (1988) (plurality opinion); Crowley v. Prince George's County, Md., 890 F.2d 683, 685-87 (4th Cir.1989) (a Maryland county police chief is not necessarily a final policymaker). A delegation of authority may be evidenced by a policy statement by final policymakers approving, adopting or ratifying the decisionmaker's action or evidence of a series of decisions by a subordinate official manifesting a "custom or usage" of which the policymakers must have been aware. St. Louis v. Praprotnick, 485 U.S. at 130. "Simply going along with discretionary decisions made by one's subordinates, however, is not a delegation to them of the authority to make policy." Id.
 
 
 15
 We find that the appellant has failed to meet the standards for holding the municipality liable under Sec. 1983. First, the amended complaint centered on a single episode of misconduct, and did not properly allege a municipal policy or custom. Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985).
 
 
 16
 While Battan, as Chief of the County's Purchasing and Materiel Management Division, did have the authority to enter into agreements on behalf of the municipality, we also do not find he was a final policymaker for purposes of determining whether the bidding procedures should be applied fairly. Crowley v. Prince George's County, Md., 890 F.2d 683 (4th Cir.1989). The Montgomery County Code and the Emergency Regulations on Procurement vest the policymaking authority for procurement matters in the chief administrative officer and the contract review committee. Therefore, the actions of Battan and the other individual defendants do not establish Montgomery County policy, and do not subject the municipality to liability under Sec. 1983.
 
 
 17
 The District Court properly found that the individual defendants are entitled to qualified immunity on appellant's right to access to judicial process claim. A state official in a Sec. 1983 case is entitled to qualified immunity when his conduct does not violate a clearly established federal constitutional or statutory right of which a reasonable person would have known at the time. Anderson v. Creighton, 483 U.S. 635, 639 (1987); Slattery v. Rizzo, 939 F.2d 213, 216 (4th Cir.1991) ("[f]or purposes of determining whether a defendant is entitled to qualified immunity the plaintiff's rights must be clearly established under the particular circumstances confronting the official at the time of the questioned action"). There was no authority in 1988 which supported the proposition that appellant was denied its right of access to the courts. We therefore hold that the individual defendants are entitled to qualified immunity on Prism's denial of access to administrative and judicial process claim.
 
 
 18
 The District Court properly dismissed appellant's substantive due process claim. Prism contends that the defendants' conduct deprived it of the right to lawful and non-arbitrary exercise of the County's procurement regulations. However, Prism's allegation of unfair treatment is insufficient to state a claim for denial of substantive due process. Substantive due process protects only those specific substantive liberty interests that are generally recognized as basic or fundamental to our way of life. Bowers v. Hardwick, 478 U.S. 186, 194-95 (1986). Substantive due process rights are created only by the Constitution of the United States. Regents of the Univ. of Michigan v. Ewing, 474 U.S. 214, 229 (1985) (Powell, J., concurring); Edwards v. Johnson City Health Dep't., 885 F.2d 1215, 1219 (4th Cir.1989). Neither the Supreme Court nor this Court has applied substantive due process to a claim of unfair and arbitrary application of governmental procurement regulations.[2]
 
 
 19
 The facts also do not support appellant's procedural due process claim. When analyzing procedural due process claims, we first ask whether the state has interfered with a liberty or property interest. Board of Regents v. Roth, 408 U.S. 564, 571 (1972).
 
 
 20
 State statutes and rules generally establish liberty or property interests to the extent they prescribe substantive rules of decision: the regulation must create "substantive predicates" to guide the decisionmaker's discretion, such as "specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow."
 
 
 21
 Stewart v. Bailey, 7 F.3d 384, 392 (4th Cir.1993) (quoting Hewitt v. Helms, 459 U.S. 460, 462-63 (1983)). If we find a liberty or property interest to have been interfered with, we inquire as to whether the procedures at issue were constitutionally sufficient. Hewett v. Helms, 459 U.S. at 472. Prism does not allege that it has a property interest in being awarded the contract.
 
 
 22
 The bid procedure does not confer a liberty interest on low bidders. Liberty interests include freedoms of movement and action, and abilities and rights to pursue benefits and entitlements. Bannum, Inc, v. Town of Ashland, 922 F.2d 197, 201 (4th Cir.1990). See also Board of Regents v. Roth, 408 U.S. at 572. The District Court correctly noted that the County procurement procedures do not create a liberty interest because, if the review board finds a violation of the procedures, the disappointed bidder is entitled to no more than findings of fact and conclusions of law. This is insufficient to confer a liberty interest, as "[t]here is neither a 'liberty' nor a'property' interest in procedures themselves, and a violation of state law is not a violation of the Constitution." Fleury v. Clayton, 847 F.2d 1229, 1231 (7th Cir.1988) (citations omitted); See also Olim v. Wakinekona, 461 U.S. 238, 250-51 (1983).
 
 
 23
 Appellant's takings claim is premature because Maryland's Court of Appeals has indicated by implication that an adverse condemnation action will lie for an alleged taking of private property. E.g., Dep't of Transp. v. Armacost, 299 Md. 392, 474 A.2d 191, 205-06 (1984). The amended complaint did not allege that appellant used the state's inverse condemnation proceeding, and appellant'sSec. 1983 taking claim is therefore premature. Williamson County Planning Comm. v. Hamilton Bank, 473 U.S. 172, 194-97 & n. 13 (1985).
 
 
 24
 The District Court properly dismissed appellant's equal protection claim because appellant did not allege in its Amended Complaint that the County intentionally discriminated against Prism because of Prism's membership in a protected class. See Personnel Administrator v. Feeney, 442 U.S. 256, 274-79 (1979).
 
 
 25
 We think that the District Court's dismissal of appellant's state law claim for breach of duty and interference with business relations was also proper. Congress has authorized district courts to decline to exercise supplemental jurisdiction over state law claims when the court has dismissed all other claims over which it had jurisdiction. 28 U.S.C. Sec. 1367(c)(3).
 
 
 26
 Appellant complains that the District Court erred in dismissing Counts VI, VII and VIII of the Amended Complaint as "wholly without merit." We note that the appellant has not provided any authority for the proposition that the appellees violated Prism's rights to counsel, freedom of speech or freedom of association, and we decline to hold that the District Court improperly dismissed these counts.
 
 
 27
 The District Court properly dismissed all counts of Prism's Complaints, and the Court's decision is
 
 
 28
 AFFIRMED.
 
 
 
 [1]
 The second lowest bidder for the contract was A. S. McGaughan Construction Company ("McGaughan")
 
 
 [2]
 We have held that "those seeking Government contracts ... have a right to reasonable treatment of their bids." William F. Wilke, Inc. v. Dep't of the Army, 485 F.2d 180, 183 (4th Cir.1973). However, we expressly noted that the right derived from two statutes. Id